[Civ. No. 7909.   Second Appellate District, Division One.—July 31, 1934.]

G. C. BRYAN et al., Respondents, v. PASADENA HOLD-ING COMPANY (a Corporation), Appellant.

Porter & Sutton for Appellant.

Clark & Morgan for Respondents.

YORK, J.—This is an action for declaratory relief under section 1060 of the Code of Civil Procedure, and to have a lease construed and canceled, on the theory that denial of plaintiffs' application for a license to do dry cleaning had rendered the use of the premises unlawful for the purposes contemplated by the lease.   From a judgment canceling the lease defendant corporation takes this appeal.

Under the terms of the lease, dated November 15, 1927, the premises situated at 690 East Colorado Street, Pasadena, California, were "to be used for the purpose of conducting and carrying on the business of dry cleaning, pressing, re-

pairing and dyeing of wearing apparel, rugs, carpets and furnishings of all kind".

It is alleged in the complaint that the plaintiffs carried on a business at said premises of receiving and delivering clothing and wearing apparel and that, on or about August 1, 1930, the plaintiffs desiring to do a dry cleaning and pressing business, applied to the city of Pasadena for a license to conduct such business, but that there was an ordinance in effect prohibiting the doing of said business in the zone in which the premises covered by the lease were located, and that, therefore, the license was refused by the said city.

Appellant maintains that there was insufficient evidence adduced at the trial to sustain the following findings of fact, which form the main, if not the only, support for the judgment:

(1) "It is true that plaintiffs were prohibited by law from doing a dry cleaning business at said premises."

(2) "It is true that the zoning ordinances and the fire ordinances of the city of Pasadena prohibit the use of said premises for dry cleaning business as contemplated and understood by the plaintiffs and defendant at the time they entered into said lease."

(3) "That said lease was entered into by plaintiffs and defendant under a mutual mistake of law and fact."

Appellant claims that subdivision (a) of section 4 of Ordinance No. 2613 of the city of Pasadena expressly permits "cleaning and dye-works" in the location covered by the lease. Quoting from the bill of exceptions, the ordinance above referred to provides as follows: "Section 4. Zones B, or Commercial Districts: (a) Except as provided in sections 8 and 13 hereof, no building, structure, improvement or industry shall be erected, constructed, established, altered or enlarged in a zone B which is designed, arranged or intended to be occupied or used for any purpose other than a use permitted in zones C, D and E, or as a store or shop for the conduct of a wholesale or retail commercial business, garage, gasoline and oil station, automobile repair shop, machine shop, place of amusement, office, studio, conservatory, dancing academy, paint shop, cleaning and dye works, newspaper print shop, laundry (except steam laundry), photograph gallery, postoffice or an establishment for light manufacture, repair or storage and sale of materials

not prohibited by law or ordinance, and which is not or may not become dangerous or offensive by reason of the emission of odors, dust, gas, smoke or excessive noise.'' Other than said section 4, no ordinance or part of any ordinance was introduced in evidence at the trial of the case.

Evidence was introduced showing that the storeroom involved in the lease was located in a two-story arcade building, and that other stores adjoined plaintiffs' store with offices on the second floor; that a cleaning machine suitable for the work alleged to have been contemplated under the lease would require at least twenty-five gallons of gasoline with which to operate; that on or about August 1, 1930, the plaintiffs made oral application for permit to do cleaning; that this application was made first at the license bureau in the city of Pasadena, and that plaintiff Bryan was referred by that department to the building department; that at the latter place he talked to a man who said cleaning could not be done in the district where the store was located, and that he would have to get out of the district in order to do dry cleaning; and that plaintiff Bryan went immediately to the office of the defendant corporation and told the young lady in charge that he was giving thirty days' notice that he was leaving, because he had tried to get a permit and was refused, and had found it impossible to put in a cleaning establishment.

We agree with appellant that, so far as the evidence shows, there is nothing in Ordinance No. 2613 which prohibited dry cleaning in the building leased at the time the lease was executed. While the language of the lease admits of a construction that dry cleaning in a limited form was contemplated by the parties to the lease, and that such was the intent of the parties is completely established by the manner in which the business was conducted for a period of nearly three years, there is insufficient evidence to support the finding of the court that a complete dry cleaning business was contemplated at the time of the execution of the lease. The store was used as a receiving depot for nearly three years after the lease was executed, and it would seem reasonable to suppose that the plaintiffs would have sought with greater diligence to procure their permit than is shown by the record, before giving notice of their intention to move and to cancel the lease, if they seriously contemplated

making a change in the type of business carried on upon the leased premises. Nowhere in the record do we find any prohibition against using the premises for the business which has been carried on by plaintiffs from the time the lease was executed.

The judgment is reversed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 24, 1934.